# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CENTRAL EUROPEAN DISTRIBUTION CORPORATION SECURITIES LITIGATION<br><br>The Document Relates To:<br><br>ALL ACTIONS. | HON. JEROME B. SIMANDLE<br><br>CIVIL ACTION NO:<br>1:11-CV-06247-JBS-KMW<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing pursuant to the Order of this Court, dated July 31, 2014, 2014, on the application of Lead Plaintiffs for approval of the settlement [Docket Item 148] set forth in the Stipulation of Settlement dated as of May 12, 2014 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, and for the reasons set forth on the record on November 14, 2014, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Lead Plaintiffs' motion for settlement [Docket Item 148] shall be, and hereby is, GRANTED.

2. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

3. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies this Action as a class action defined as all Persons who purchased CEDC common stock on exchanges in the United States between March 1, 2010 and February 28, 2011, inclusive, who were damaged thereby (the "Class"). Excluded

from the Class are: (a) Persons or entities who submitted valid and timely requests for exclusion from the Class in accordance with the requirements set forth in the Stipulation and in the Notice; and (b) Defendants; members of the immediate family of any Defendant; any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period; the officers and directors of the Company during the Class Period; and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

5.  With respect to the Class, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any Action concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the Action of these

claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action.

6. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that the settlement is, in all respects, fair, reasonable, and adequate to the Class. The Court further finds that the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the stipulation and the settlement embodied in the Stipulation are hereby finally approved in all respects. The Settling Parties are hereby directed to perform its terms.

7. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Upon the Effective Date, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim.

9. Upon the Effective Date, Lead Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, pursuing, commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) asserting any of the Released Claims (including Unknown Claims) against any of the Released Persons.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs, Class Members (except any Class Member who timely and validly requests exclusion from the Class), and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims except claims to enforce the settlement and the terms of the Stipulation.

11. Only those Class Members filing valid and timely Proofs of Claim shall be entitled to participate in the settlement and receive a distribution from the Settlement Fund. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

12.  In accordance with 15 U.S.C. § 78u-4(f)(7)(A), upon the Effective Date, except as provided in paragraph 13, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that Person is that Person's actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, or arising out of the Released Claims, against each and every one of the Released Persons, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court, any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum, whether in the United States or elsewhere; and, except as provided in paragraph 12, the Released Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Released Person is that Released Person's actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, or arising out of the Released Claims, against any Person, other than a Person whose liability to the Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party

claims, in this Action or a separate action, in this Court, any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum, whether in the United States or elsewhere.

13. Notwithstanding the Bar Order in paragraph 12, nothing in this Judgment shall: (i) bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation, the Settlement, the Preliminary Approval Order, or the Judgment; or (ii) bar any action by the Released Persons to enforce the protections from liability granted to them under this Stipulation; or (iii) bar the Released Persons from asserting any claims against their own insurers.

14. Upon the Effective Date, the Lead Plaintiffs: (i) have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Persons; (ii) have and be deemed to have covenanted not to sue, directly or indirectly, any of the Released Persons with respect to any and all of the Released Claims; and (iii) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise), or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises out of, or relates to

any and all of the Released Claims against any and all of the Released Persons or any other Person who may seek to claim any form of contribution or indemnity from any Released Person. All Released Persons shall be bound by the terms of the releases set forth in the Stipulation and this Judgment, whether or not they submit a valid and timely Proof of Claim, take any other action to obtain recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

15. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Action Reform Act of 1995, due process, and any other applicable law.

16. Any plan of distribution submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or

affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment.

17. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, the Released Persons, or each or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendants, the Released Persons, or each or any of them in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Defendants, the Released Persons, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the infirmity or strength of any claims raised in the Action or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and/or (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession by or against the Settling Parties, the Released Persons, or each or any of them, that any of the Lead Plaintiffs' claims are with or without merit, that damages recoverable under the Lead Plaintiffs' operative complaint would have been greater or less than the Settlement Fund or that the consideration to be given

hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial. The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation and/or this Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

19. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. In the event that the settlement does not become

effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: Nov. 14, 2014

*[signature]*
THE HONORABLE JEROME B. SIMANDLE
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## List of Timely Requests for Exclusion from the Class
*In re Central European Distribution Corporation*
No. 1:11-CV-06247-JBS-KMW

None received.